04        UNITED STATES DISTRICT COURT
         WESTERN DISTRICT OF WASHINGTON
05                  AT SEATTLE

06 ROBERT JOHN PRESTON,              )   CASE NO.    C08-0716-JCC
                                     )                (CR00-034-JCC)
07         Petitioner,               )
                                     )
08         v.                        )   REPORT AND RECOMMENDATION
                                     )
09 UNITED STATES OF AMERICA,         )
                                     )
10         Respondent.               )
   _____ )

11

12                          INTRODUCTION

13        Petitioner has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his

14 sentence.  The government has filed a response to the motion and petitioner has not filed a reply

15 to the government's response.  Having considered the parties' submissions, the Court

16 recommends, for the reasons set forth below, that petitioner's motion be denied and this action

17 dismissed with prejudice.

18                          BACKGROUND

19        In 2000, petitioner pleaded guilty to being a felon in possession of a firearm and was

20 sentenced to 61 months' imprisonment followed by three years of supervised release.  (Dkt. No.

21 22 in Case No CR00-34-JCC).  After he was released from prison, petitioner violated the terms

22 of his supervised release several times.  An arrest warrant was issued and in November 2006,

01 deputies for the Pierce County Sheriff's Office attempted to detain petitioner. (Dkt. No. 8 at 2).

02 Petitioner tried to elude the deputies but was apprehended after a high-speed car chase. (*Id.*)

03       Petitioner was charged in state court for attempting to elude the deputies and related

04 offenses. In June 2007, petitioner was transferred to federal court in order to address the

05 violations of his supervised release. Petitioner admitted in a hearing before the Honorable John

06 C. Coughenour to three violations. (Dkt. No. 8, Ex. A). In July 2007, Judge Coughenour

07 sentenced petitioner to one year and one day of imprisonment, followed by two years of

08 supervised release. (*Id.*) A transcript of the hearing shows that Judge Coughenour did not

09 address the issue of whether the sentence would be served concurrently with any state sentence.

10 (*Id.*, Ex. B). As the government points out, this is no doubt due to the fact that as of July 2007,

11 petitioner had not yet been sentenced by the state court. (Dkt. No. 8 at 7-8).

12       In January 2008, petitioner pleaded guilty in state court and was sentenced to 60 months

13 in prison. (*Id.* at 3). Soon thereafter, petitioner wrote to Judge Coughenour and requested that

14 his federal sentence be modified to run concurrently with his state sentence. (*Id.*, Ex. C). On

15 March 6, 2008, after considering the views of the United States Probation Office and the United

16 States Attorney, Judge Coughenour denied petitioner's request. (Dkt. No. 85 in Case No. CR00-

17 34-JCC).

18       Petitioner filed the instant motion under 28 U.S.C. § 2255 on May 5, 2008. (Dkt. No. 1).

19 On May 13, 2008, this matter was referred to the undersigned Magistrate Judge pursuant to 28

20 U.S.C. § 636(b) and Local Rules MJR 3 and 4. (Dkt. No. 4). The government filed its response

21 to petitioner's § 2255 motion on June 17, 2008. (Dkt. No. 8). Petitioner has not filed a reply. The

22 government filed a supplemental response on July 11, 2008. (Dkt. No. 9). The matter is now

01 ready for review.

## DISCUSSION

03    In his § 2255 motion, petitioner raises two claims for relief. (Dkt. No. 1 at 4-5). Both

04 claims relate to his purported misunderstanding of the consequences of pleading guilty to the

05 violations in federal court.   In the first claim, petitioner contends that he was advised by his

06 attorney to plead guilty in federal court in order to be placed in a drug treatment program when

07 sentenced by the state court. (Dkt. No. 1 at 4).   In the second claim, petitioner contends that he

08 was told by his attorney that his federal sentence would run concurrently with his state sentence.

09 (*Id.*)  When petitioner was sentenced by the state court in January 2008, the sentence was not

10 made to run concurrently with the federal sentence, nor was petitioner apparently given the option

11 of a drug treatment program. (Dkt. No. 9, Ex. A at 22).  Petitioner's two claims here appear to

12 fault his attorney for these aspects of his state sentence, which was imposed *after* his federal

13 sentencing.

14    Claims of ineffectiveness of counsel are reviewed according to the standard announced in

15 *Strickland v. Washington*, 466 U.S. 668, 687-90 (1984).   In order to prevail, petitioner must

16 establish two elements:  First, he must establish that counsel's performance was deficient, *i.e.*, that

17 it fell below an "objective standard of reasonableness" under "prevailing professional norms."

18 *Strickland*, 466 U.S. at 687-88 (1984).   Second, he must establish that he was prejudiced by

19 counsel's deficient performance, *i.e.*, that "there is a reasonable probability that, but for counsel's

20 unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466

21 U.S. at 694.  In the context of a guilty plea, the test is whether "there is a reasonable probability

22 that, but for counsel's errors, [defendant] would not have pleaded guilty and would have insisted

REPORT AND RECOMMENDATION
PAGE -3

01 on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

02 Applying this standard to the instant case, the Court finds that petitioner fails to satisfy

03 either prong of the *Strickland* test. Even assuming that petitioner's attorney did advise him to

04 plead guilty in federal court in the hopes of obtaining a concurrent sentence with a drug treatment

05 option later in state court, petitioner does not show how that advice was deficient. While the

06 advice might have been proven incorrect later, petitioner does not demonstrate that the advice fell

07 below an objective standard of reasonableness. Nor does petitioner explain how he would have

08 defended himself against the charges if he had pleaded not guilty to the violations. In light of the

09 fact that he also pleaded guilty in state court to charges arising from the same conduct, it seems

10 that the evidence against petitioner must have been substantial. In sum, petitioner does not satisfy

11 the *Strickland* test and his claims should be denied.[1]

### CONCLUSION

13 For the foregoing reasons, petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside,

14 or correct his sentence, should be denied and this action dismissed with prejudice. A proposed

15 Order is attached.

16 DATED this 4th day of August, 2008.

18 Mary Alice Theiler
United States Magistrate Judge

20 [1] The government, in its supplemental response, contends that petitioner previously
submitted a document to Judge Coughenour which petitioner purposefully altered to support his
21 request to have his sentence modified. (Dkt. No. 9). While the government's contention appears
to have merit, the Court need not address this issue in resolving the instant matter.

22

REPORT AND RECOMMENDATION
PAGE -4